UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| BRUCE FOODS CORPORATION, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SK FOODS, LP; INGOMAR PACKING COMPANY, LLC, LOS GATOS TOMATO PRODUCTS, INTRAMARK USA, INC. AND RANDALL LEE RAHAL,<br><br>    Defendants.<br>_____ | No. 2:09-cv-00027-MCE-EFB<br><br><br>**ORDER** |
| FOUR IN ONE COMPANY, INC, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SK Foods, L.P., INGOMAR PACKING COMPANY, LOS GATOS TOMATO PRODUCTS, RANDALL RAHAL, INTRAMARK USA, INCORPORATED,<br><br>    Defendants.<br>_____ | No. 2:08-cv-03017-MCE-EFB |

///
///

| | |
|---|---|
| DIVERSIFIED FOODS AND SEASONINGS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SK FOODS L.P., INTRAMARK USA, INC., and RANDALL LEE RAHAL,<br><br>        Defendants. | No. 2:08-cv-03074-MCE-EFB |
| THE MORNING STAR PACKING COMPANY, a California limited partnership; LIBERTY PACKING COMPANY, LLC, a California limited liability company; and THE MORNING STAR COMPANY, a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>SK FOODS, L.P., a California limited partnership; SCOTT SALYER, an individual; RANDALL RAHAL, an individual, INTRAMARK USA, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:09-cv-00208-MCE-EFB |
| CLIFFSTAR CORPORATION, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SK FOODS, LP, INGOMAR PACKING COMPANY, LLC, LOS GATOS TOMATO PRODUCTS, INTRAMARK USA, INC., and RANDALL LEE RAHAL,<br><br>        Defendants. | No. 2:09-cv-00442-MCE-EFB |

----oo0oo----

Counsel for Plaintiff Bruce Foods Corporation and Plaintiff Cliffstar Corporation[1] have filed a Motion requesting that the Court enter an order consolidating the above numbered and entitled lawsuits, pursuant to Federal Rule of Civil Procedure 42(a),[2] into a single action. Plaintiff Four In One Company, Inc. joined in said Plaintiffs' request, and Plaintiff Diversified Foods expressed its consent to consolidation for pretrial purposes, only. Defendants SK Foods, Ingomar Packing Company and Los Gatos Tomato Products have also filed statements indicating that they do not oppose limited pretrial consolidation at this stage of the litigation. Plaintiffs Morning Star Packing Company, et al., however, oppose consolidation on grounds that the other four lawsuits purport to be class actions instituted on behalf of purchasers of tomato products, whereas the Morning Star Plaintiffs sue Defendants as direct competitors claiming to be harmed by Defendants' alleged unlawful business practices in that capacity. The Morning Star Plaintiffs therefore claim that their issues differ from those of the class action Plaintiffs, and points to potential prejudice in the form of jury confusion should the actions be consolidated.

///

///

---

[1] Cliffstar Corporation, whose lawsuit was filed on February 13, 2009, was not a party to the original Motion filed on behalf of Bruce Foods on or about January 23, 2009. The Reply Memorandum dated February 26, 2009, however, requests that the <u>Cliffstar</u> action, which has since been related to the other actions enumerated above, be included within the instant Motion to Consolidate.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

Factually, all five cases stem from alleged violations of antitrust law that arise from claimed anticompetitive conduct by numerous common defendants involved in the processed tomato products market. This Court has already determined that the cases are related in the sense that they involve similar questions of fact and of law.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trail any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). As long as actions involve the requisite common questions of law or fact, a court has broad discretion to consolidate in whole or in part cases pending within the same district. <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). Consolidation of appropriate cases not only enhances judicial efficiency by avoiding unnecessary duplication of evidence and procedures, but also guards against the risk of inconsistent adjudications. See <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 550-51 (8th Cir. 1998).

Here, it is uncontroverted that all five actions arise from the same Department of Justice investigation into anticompetitive conduct within the processed tomato industry. Consolidation may be proper in instances where numerous lawsuits arise from the same common nucleus of operative facts. See <u>Team Enterprises, LLC v. Western Investment Real Estate Trust</u>, 2008 WL 4712759, * 1-2 (E.D. Cal., Oct. 23, 2009) (consolidation appropriate where actions presented similar factual issues).

The Court must nonetheless weigh considerations of judicial convenience in this regard against any potential for delay, confusion and/or prejudice caused by consolidation. <u>Southwest Marine, Inc. v. AAA Machine Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Given the factual dissimilarities between the <u>Morning Star</u> complaint and the four proposed class actions, as well as the additional claims pursued by <u>Morning Star</u> (including claims under both the Robinson-Patman Act and California statutory and common law), the Court agrees that consolidation of the <u>Morning Star</u> action with the other cases is inappropriate. Given those distinctions, prejudice could result from consolidation, both given the unique attributes of class action litigation not shared by the <u>Morning Star</u> allegations, and the fact consolidation could ultimately prove to be confusing to the trier of fact. Consequently the Motion to Consolidate is denied to the extent it encompasses Morning Star. Counsel for <u>Morning Star</u> are nonetheless directed to coordinate common discovery with the class action litigants to the extent that such coordination eliminates duplicative discovery proceedings.

With regard to the class action complaints, the parties on both sides agree that consolidation for pretrial purposes is indicated. The only disagreement concerns the question of whether or not consolidation for all purposes, including trial, should be ordered at this juncture.

///
///
///

5

As indicated above, Defendants SK Foods, Ingomar Packing Company and Los Gatos Tomato Products all advocate for only pre-trial consolidation, arguing that at this early stage of litigation consolidation for trial purposes could be premature. See, e.g., Newmark v. Turner Broadcasting Network, 226 F. Supp. 2d 1215, 1223 n.8 (C.D. Cal. 2002) (ordering consolidation of cases in early stages of litigation for discovery and pretrial purposes but reserving "for another day the issue of whether these actions should be consolidated for trial"); Schwarzer, et al., Federal Civil Procedure Before Trial, Chapter 16-C, § 16-156 (actions are sometimes consolidated only for pretrial purposes and not for trial).

Because consolidation for all purposes may be inappropriate should discovery reveal circumstances making a joint trial unfeasible, and because in the view of the Court there is no downside for deferring any final decision on complete consolidation until more complete information is obtained, the Court need not adjudicate at this time whether complete consolidation should be ordered.

Given the foregoing, then, Plaintiffs' Motion to Consolidate is GRANTED in part and DENIED in part.[3] The following cases are hereby consolidated, for pretrial purposes only:

///
///
///

---

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 78-230(h).

1. <u>Four in One Company, Inc. v. SK Foods, et al.</u>, Case No. 2:08-cv-03017-MCE-EFB;
2. <u>Diversified Foods and Seasonings, Inc. v. SK Foods, et al.</u>, Case No. 2:08-03074-MCE-EFB;
3. <u>Bruce Foods Corporation v. SK Foods, et al.</u>, Case No. 2:09-cv-00148-MCE-EFB; and
4. <u>Cliffstar Corporation v. SK Foods, et al.</u>, Case No. 2:09-cv-00442-MCE-EFB.

Plaintiffs' Motion is DENIED, without prejudice to being renewed at a later time, to the extent it seeks consolidation for all purposes of the cases enumerated above. Finally, Plaintiffs' Motion to Consolidate is DENIED with respect to consolidation of said cases with <u>The Morning Packing Co., et al., v. SK Foods, et al.</u>, Case No. 2:09-cv-00208-MCE-EFB.

Any scheduling orders entered in the actions enumerated as 1 through 4 in the preceding paragraph are vacated. Counsel in said cases are directed to submit a Joint Status Report not later than the earlier of sixty (60) days following the date of this Order, or sixty (60) days after a consolidated amended complaint is filed, should counsel choose to do so within the sixty (60) day period following the date of this Order.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7